**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| MACHIAS SAVINGS BANK<br><br>Plaintiff,<br><br>v.<br><br>F/V "AMBER SKYY"<br>(O.N. 1097224) together with her masts, boilers, cables, engines, machinery, fishing permits, appurtenances, etc. *in rem,*<br><br>and<br><br>CHRISTOPHER WELLER,<br>and DAVID C. WELLER, *in personam,*<br><br>Defendants. | Case No. |

**VERIFIED COMPLAINT TO FORECLOSE MARITIME LIEN**
***IN REM* AND *IN PERSONAM***

NOW COMES the plaintiff, Machias Savings Bank, by and through its undersigned counsel, and for its Verified Complaint states as follows.

## A. Introduction

1. This is a foreclosure action *in rem* against the F/V "Amber Skyy" (O.N. 1097224) her masts, boilers, cables, engines, machinery, fishing permits, appurtenances, etc. (the "Vessel"), an *in personam* action against defendants Christopher Weller as the mortgagor and maker under a promissory note secured by a duly-perfected first preferred ship mortgage against the Vessel, and an *in personam*

action against David C. Weller as co-maker under the above-referenced promissory note.

## B. Parties, Jurisdiction and Venue

2. Machias Savings Bank ("Plaintiff") is a Maine bank corporation with a principal place of business at 4 Center St., Machias, Maine.

3. The Vessel is a 1999 35' H&H commercial fishing vessel that is documented pursuant to the laws of the United States of America which bears official number 1097224.

4. The Vessel is now afloat upon the navigable waters of the United States and was last known to be moored in the port of Vinalhaven, Maine.

5. *In personam* defendant Christopher Weller is an individual with a last-known address of 14 Sportsman Way, Vinalhaven, ME 04863.

6. *In personam* defendant David C. Weller is an individual with a last-known address of 14 Sportsman Way, Vinalhaven, ME 04863. (Collectively David C. Weller and Christopher Weller are referred to as the "Wellers" and collectively with the Vessel, are referred to as the "Defendants.")

7. This court has original subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1333(1) and the Commercial Instruments and Maritime Liens Act, 46 U.S.C. §§ 30101, 31301 to 31343 (hereafter "CIMLA").

8. This action is a maritime and admiralty claim within the provisions of Fed. R. Civ. P. 9(h) and within Supplemental Rules C and E for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rules").

9. Venue is properly laid in the District of Maine pursuant to Supplemental Rules C and E and 28 U.S.C. § 1391(b) because the Vessel is afloat on the navigable waters within the District of Maine, the Plaintiff's principal place of business is in the District of Maine, the acts and omissions referred to in this Complaint occurred within the District of Maine, and the Wellers are domiciled in the District of Maine.

## C. Factual Allegations

10. Christopher Weller is the owner and, on information and belief, the master of the Vessel.

11. Christopher Weller is also known as Chris Weller.

12. On or about February 16, 2024, the Wellers borrowed the sum of Sixty-Five Thousand Nine Hundred Sixty and 00/100 Dollars ($65,960.00) (the "Loan") from the Plaintiff.

13. On or about February 16, 2024, the Wellers executed a Business Loan Agreement with the Plaintiff setting forth certain terms and conditions associated with the Loan ("Loan Agreement").

14. A true and correct copy of the Loan Agreement is annexed hereto as **Exhibit 1** and is incorporated herein by reference.

15. On or about February 16, 2024, the Wellers executed and delivered to the Plaintiff a promissory note dated February 16, 2024, in the original principal amount of $65,960 (the "Note").

16. A true and correct copy of the Note is attached hereto as **Exhibit 2** and is incorporated herein by reference.

17. To secure the payment of the Loan and the Note, Christopher Weller, in accordance with CIMLA, executed and delivered a First Preferred Ship Mortgage dated February 16, 2024 ("Ship Mortgage") to the Plaintiff.

18. The Ship Mortgage covers the whole of the Vessel and its appurtenances, and it assigned, pledged, mortgaged, set over and conveyed the Vessel to the Plaintiff to secure the payment of the Note, as well as future advances thereunder, and all other obligations as set forth in the Ship Mortgage.

19. A true and correct copy of the Ship Mortgage is attached hereto as **Exhibit 3** and is fully incorporated herein by reference.

20. The Ship Mortgage was duly recorded with the National Vessel Documentation Center in accordance with 46 U.S.C. § 31321 on February 26, 2024, at 8:17 AM.

21. The Wellers defaulted pursuant to the Note by failing to make payments when due to the Plaintiff.

22. The Wellers default under the Note is a default, and a breach of the condition of the Ship Mortgage.

23. On or about November 3, 2025, Plaintiff provided notices of default to the Wellers with the opportunity to cure said default. Attached hereto as **Exhibit 4** are copies of the above-referenced notices of default.

24. The Wellers failed to cure their default within the time provided in said notices of default.

25. Due to the Wellers' default, the Plaintiff has duly accelerated the Note making the entire unpaid balance of the Note immediately due and payable.

26. On January 27, 2026, Plaintiff provided the Wellers with notice that it had accelerated the balance due under the Note. True and correct copies of notices of acceleration provided to the Wellers are annexed hereto as **Exhibit 5** and are incorporated herein by reference.

27. Pursuant to the Note, upon the Wellers' default, the applicable interest rate increased by 4% per annum from 8.75% per annum to 12.75% per annum computed on the basis of a 360-day year. When converted to a 365-day year accrual method the actual interest rate for purposes of calculating pre-judgment interest is 12.927% per annum.

28. The Wellers' default under the Note is a default under the Ship Mortgage which entitles the Plaintiff to foreclose the Ship Mortgage, take possession of the Vessel, and to have the Vessel sold by means of a judicial sale.

## COUNT I
## FORECLOSURE OF MARITIME LIEN *IN REM*

29. The Plaintiff repeats and realleges the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

30. The Plaintiff holds a duly perfected first priority maritime lien against the Vessel by virtue of the Ship Mortgage to secure the Note and the debt obligation evidenced thereby.

31. Christopher Weller is in default pursuant to the Note and the Ship Mortgage and David Weller is in default pursuant to the Note.

32. As of February 23, 2026, the balance due under the Note is $56,925.82 consisting of $52,207.08 in principal, $2,004.89 in interest, $1,097.64 in late charges, a prepayment penalty of $1,566.21 and UCC discharge fees of $50.00.

33. Interest continues to accrue pursuant to the Note at the default rate of 12.75% per annum based on a 360-day year. When converted to a 365-day year accrual method, the actual interest rate is equal to 12.927% per annum.

34. The Wellers' default under the Note is a breach of the condition of the Ship Mortgage.

35. All conditions precedent to the foreclosure of the Ship Mortgage have been satisfied.

36. Pursuant to 46 U.S.C. § 31304(b), the Note, and the Ship Mortgage, the Plaintiff is entitled to recover its costs and attorneys' fees in this action.

37. The Plaintiff has an unsatisfied maritime lien against the Vessel as stipulated in the Ship Mortgage in an amount that is not less than $56,925.82 plus interest, prejudgment interest, post-judgment interest, attorneys' fees and costs for which the Plaintiff seeks the foreclosure of the Ship Mortgage and the sale of the Vessel.

WHEREFORE, the Plaintiff prays that this honorable court order, adjudge and decree:

a. (i) That process in due form of law according to the rules and practices of this court in causes of admiralty and maritime jurisdiction may issue against the Vessel, her engines, tackle, furniture, apparel, etc., and all other necessaries

thereunto belonging or pertaining; (ii) that all persons claiming any interest in said Vessel may be cited to appear and answer to the matters aforesaid; (iii) that citation according to the rules of this court in causes of admiralty and maritime jurisdiction may issue against Defendants and that they may be cited to appear herein and to answer the allegations of this Complaint and that after due proceedings had, there may be judgment herein in favor of the Plaintiff, and against Defendants for the full amount of its claim as aforesaid; (iv) that the Plaintiff's Ship Mortgage and maritime lien resulting from said Ship Mortgage be recognized as the paramount lien against the Vessel; (v) that the Vessel may be condemned and sold to pay any claims and demands as aforesaid, with interest and costs, including reasonable attorneys' fees; (vi) that the Plaintiff may have such other and further relief as in law and justice as it may be entitled; that (vii) the Plaintiff may become a purchaser at any sale of Vessel by bidding the amount due to it under the Note and the Ship Mortgage without liability for an outlay of cash; and

b. That it be ordered, adjudged and decreed that any and all persons, firms, corporations and other entities claiming any interest in the Vessel are forever barred and foreclosed of and for all rights or equity of redemption or claim of, in and to the Vessel and every part thereof; and

c. That judgment be awarded to the Plaintiff, in the amounts to be determined against the Defendants, plus accruing interest, pre and post-judgment interest, costs, and attorneys' fees; and

d. That judgment be awarded to the Plaintiff against the Wellers in the amount of any deficiency that may be due to the Plaintiff after applying the proceeds of the sale of the Vessel to the amount of the Plaintiff's claim plus accruing interest, pre and post-judgment interest, costs, and attorneys' fees; and

e. For such other and further relief as this court may deem just and equitable.

**COUNT II**
**ACTION *IN PERSONAM* – SHIP MORTGAGE & PROMISSORY NOTE**

38. The Plaintiff repeats and realleges the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

39. By virtue of the Wellers' Loan obligations to the Plaintiff, as evidenced by the Note, and secured by the Ship Mortgage, the Plaintiff has a maritime lien *in personam* against Christopher Weller's interest in the Vessel under CIMLA and the maritime law of the United States of America.

40. By virtue of the Note, the Wellers are personally liable to the Plaintiff for the amounts demanded in this Complaint, plus costs, pre and post judgment interest and reasonable attorneys' fees.

41. All conditions precedent to this action have been satisfied.

WHEREFORE, the Plaintiff prays that this court order, adjudge and decree:

a. That judgment is awarded to the Plaintiff against the Wellers, *in personam*, in an amount to be determined by the court, plus accruing interest, pre-judgment interest, post judgment interest, costs and attorneys' fees;

b. That judgment is awarded to the Plaintiff against the Wellers in the amount of any deficiency that may be due to the Plaintiff after applying the proceeds of the sale of the Vessel to the amount of the Plaintiff's claim plus accruing interest, pre-judgment interest, post judgment interest, costs and attorneys' fees; and

c. For such other and further relief as this court may deem just and equitable.

Dated at Portland, Maine this 25th day of February, 2026

*/s/ Aaron P. Burns*
Aaron P. Burns, Esq.
Counsel for Machias Savings Bank

PEARCE, DOW & BURNS, LLP
2 Monument Sq. Ste 901
P.O. Box 108
Portland, ME 04112-0108
(207) 822-9900

## Verification

1. My name is Michelle R. Wood. I am employed by Machias Savings Bank as a Commercial Loan Workout Specialist. In that capacity, I am responsible for supervising a portfolio of loans that are in default or are in danger of default. I am responsible for recovery of amounts owed by loan obligors and to mitigate the Bank's losses through disposition of the Bank's collateral and by overseeing legal actions by the Bank's outside legal counsel to enforce the Bank's rights under its loan documents.

2. I am Machias Savings Bank's responsible officer for the loan relationship referred to in the Complaint. In the course of my job responsibilities, I have personal knowledge of the record keeping systems and practices of Machias Savings Bank. My job requires me to review and access Machias Savings Bank's customer loan files and account information frequently, if not daily. My knowledge of the facts contained in this Complaint is derived from my personal knowledge of Machias Savings Bank's business records. All of the records referenced in this Complaint are kept in the ordinary course of business by Machias Savings Bank and were made at or near the time of the transactions by or from information transmitted by a person with knowledge of the facts set forth in said records. These records are kept by Machias Savings Bank pursuant to its regular practice of making such records.

3. As to account entries and balances stated to be due, Machias Savings Bank's records are kept electronically in an industry standard secure electronic loan servicing system. Access to the loan servicing system is controlled by unique user id and password, and all access is logged. Users only have access to information required for their job responsibilities. Any credits applied to loan accounts are made in the journal at or near the time of the transaction by a person with knowledge of the payment or credit. For example, a payment received by mail would be entered by an accounts payable clerk on the day of receipt. An electronic payment would be credited through Machias Savings Bank's online banking platform on the date selected by the customer and would provide the customer with an electronic receipt once processed. All debits, credits and accruals to a loan account are subject to accounting checks for accuracy. Each customer receives a monthly account statement which allow the customer to verify if payments were credited as expected.

4. As to loan documents referred to in this Complaint, the original documents are maintained in a secure facility, access to which is controlled and limited to Machias Savings Bank employees who require access for their job responsibilities. Machias Savings Bank also maintains electronic copies of documents and correspondence in its electronic file system. Loan documents and correspondence are indexed to loan account number and borrower. Access to the electronic file system is controlled by user ID and password and all access is logged. Copies of loan documents are scanned and entered into the electronic filing system at or near the

time they were generated by a person with knowledge of the transaction. Correspondence is scanned and entered into the electronic filing system at or near the time of the correspondence by a person with knowledge.

5. I have personally reviewed Machias Savings Bank's Complaint in this action and the exhibits annexed hereto.

6. Based on my personal knowledge of Machias Savings Bank's record keeping systems, the business records referred to in the Complaint, and my personal knowledge of the loan account of Christopher Weller and David C. Weller, the facts alleged in the Complaint are true and correct.

7. The exhibits attached to this Complaint are true and correct copies of the originals which are maintained as business records in the ordinary course of business of Machias Savings Bank as described above.

I declare that pursuant to 28 U.S.C. § 1746 under penalty of perjury that the foregoing is true and correct.

Dated at Machias, Maine this 25th day of February 2026

*<u>/s/ Michelle R. Wood</u>*
Michelle R. Wood
Commercial Loan Workout Specialist